## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **SONIA WEGLINSKI,** | |
| **Plaintiff,** | |
| **vs.** | |
| **STATE OF UTAH; UTAH STATE LEGISLATURE; OFFICE OF LEGISLATIVE RESEARCH AND GENERAL COUNSEL; GENE DAVIS and NATHAN BRADY in their individual capacities,** | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:23-cv-00910-DAK** <br><br> **Judge Dale A. Kimball** |
| **Defendants.** | |

This matter is before the court on Defendants' Partial Motion to Dismiss for Failure to State a Claim [ECF No.19]. On August 20, 2024, the court held a hearing on the motion. At the hearing, Esabelle Khaosanga and Jonathan K. Thorne represented Plaintiff and Joseph T. Adams represented Defendants. The court took the matter under advisement. Now being fully informed, the court issues the following Memorandum and Decision.

## BACKGROUND

Plaintiff's First Cause of Action for "Sex-Based Hostile Work Environment in Violation of Title VII" was brought solely against Defendants Utah Legislature and the Office of Legislative Research and General Counsel ("OLRGC"). Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about December 1, 2022, alleging violations of Title VII. Plaintiff listed the Respondent to the

Charge as "Utah State Legislature, Senate." The EEOC Charge of Discrimination does not make any mention of, and in no way identifies or references the OLRGC.

On or about September 16, 2023, the EEOC issued Plaintiff a Notice of Right to Sue letter ("RTS"). The RTS letter specified that Plaintiff had the right "to file a lawsuit against the respondent(s) on this charge." Plaintiff brought suit against the State of Utah and the Utah State Legislature. As a result of this, Defendants filed this motion.

## DISCUSSION

Plaintiff's Title VII claims against the State of Utah and the OLRGC are not valid, and the State of Utah and Utah Legislature are not proper parties. Each of these issues is discussed in turn below.

I.      Plaintiff Did Not Exhausted Her Administrative Remedies.

"Before addressing the merits of [a] plaintiff's Title VII claims, the Court must determine whether all of plaintiff's claims have been properly exhausted through the required administrative process." *Fox v. Wichita State Univ.*, 489 F.Supp.2d 1216, 1225 (D. Kan. 2007). The Tenth Circuit has explained that "requiring exhaustion of administrative remedies serves to put an employer on notice of a violation prior to the commencement of judicial proceedings" and that this "in turn serves to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation." *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003).

Here, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about December 1, 2022, alleging violations of Title VII. Under the portion of Plaintiff's EEOC Charge of Discrimination that requires Plaintiff to identify the Respondent to the Charge Plaintiff listed only "Utah State Legislature, Senate." Then, on or about September 16, 2023, the EEOC issued Plaintiff a RTS letter. The RTS letter

specified that Plaintiff had the right "to file a lawsuit against the respondent(s) on this charge" and also specified that "[i]f you [Plaintiff] choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court within 90 days of the date you receive this Notice." *See* Ex. 2.

Plaintiff's EEOC Charge of Discrimination makes no mention of, and in no way identifies or references in any way, her employer, the OLRGC. The RTS letter issued to Plaintiff by the EEOC specifies that Plaintiff only has the right to file a lawsuit "against the respondent(s) on this charge" or "against the respondent(s) named in the charge of discrimination" which, as demonstrated previously, would be only the "Utah State Legislature, Senate."

While the *Romero* factors are applicable, "[d]epending on the facts, additional factors may be relevant." *Romero v. Union Pacific Railroad*, 615 F.2d 1303, 1312 (10th Cir. 1980). For example, in *Aufdemorte v. Mountain W. Med. Ctr.*, No. 2:12-cv-615, 2013 WL 474545, at *4 (D. Utah Feb. 7, 2013) the court found that:

> Here, an additional fact weighs against allowing suit . . . [s]pecifically, Ms. Aufdemorte was represented by counsel during the majority of the EEOC proceedings, yet she failed to amend her EEOC complaint . . . [u]nlike some complainants who appear in front of the EEOC in a pro se capacity, Ms. Aufdemorte hired counsel to assist her soon after filing the complaint . . . [and] [a]lthough it is unclear whether her counsel deliberately chose not to amend the complaint to add CHSPSC, or whether the absence of CHSPSC was an oversight, this factor weighs against allowing suit.

Here, like the plaintiff in *Aufdemorte*, Plaintiff was represented by counsel throughout the EEOC process. The OLRGC notified Plaintiff and her counsel that they should have been the respondent listed on the Charging Document. Plaintiff's counsel acknowledged that OLRGC should have been the party listed, stated that they were willing to amend the charge, and then failed to amend the Charge. Accordingly, Plaintiff has not exhausted her administrative remedies against the State of Utah or the OLRGC.

II.     The State of Utah and Utah State Legislature are Not Proper Parties.

Under Title VII, "an employer may not discriminate on the basis of race, color, religion, sex, or national origin or take adverse action against an employee who has engaged in protected conduct." *Catchai v. JBS Swift Greeley & Co.*, No. 15-CV-01606-MJW, 2016 WL 915794, at *5 (D. Colo. Mar. 10, 2016). "Title VII only applies where there is some connection with an employment relationship." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). Title VII claims also "may only be brought against an employer." *Strickland v. Associated Food Stores, Inc.*, No. 1:23-cv-30-TS, 2023 WL 4238867, at *1 (D. Utah Jun 28, 2023). The Tenth Circuit has noted the reluctance of courts in "finding that two nominally separate state or municipal government entities are in fact a single employer, since such a conclusion effectively negates what we assume was a state's conscious choice to create distinct organizations." *Sandoval v. City of Boulder, Colo.*, 388 F.3d 1312, 1323 n.3 (10th Cir. 2004).

Here, neither the State of Utah nor the Utah State Legislature were Plaintiff's employer, as clearly demonstrated by the provisions of Utah State Legislature's "Policy of the Legislative Intern Program" that was included in the Legislative Intern Handbook that was provided to Plaintiff and which clearly set forth that "[a]n intern is an at-will employee of the Office of Legislative Research and General Counsel (OLRGC)." *See* Ex.3- 2022 Legislative Intern Handbook, p.5. The handbook also sets forth the amount that OLRGC would pay the interns and mandated that "[e]mployment with OLRGC is to be the principle vocation of an intern while the intern is employed by OLRGC." *See Id*. At p.7. The only employment relationship that Plaintiff entered into was an at-will employment relationship between herself and the OLRGC. As such,

Plaintiff has failed to state a claim for relief upon which relief can be granted against either the State of Utah or the Utah State Legislature.

**CONCLUSION**

The court GRANTS Defendants' Partial Motion to Dismiss for Failure to State a Claim.

DATED this 28th day of August 2024.

BY THE COURT:

DALE A. KIMBALL
United States District Judge